
FILED
2006 Oct-18 PM 01:23
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JIMMY HARRIS, et al., | ] |
| | ] |
| Plaintiffs, | ] |
| | ] |
| vs. | ] CV-06-CO-00402-S |
| | ] |
| GLASFORMS, INC., | ] |
| | ] |
| Defendant. | ] |

MEMORANDUM OF OPINION

I.   Introduction.

The Court has for consideration Plaintiffs' Motion for Conditional Class Certification and Facilitation of Court-Approved Notice under 29 U.S.C. § 216(b).  (Doc. 17.)  The plaintiffs in this action have alleged that defendant Glasforms, Inc. ("Glasforms"), has violated the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, through unlawful rounding of time, record-keeping, and failure to pay their employees for time worked pre- and post-shift and during lunch breaks.  Plaintiffs ask the Court to allow this case to proceed conditionally as a collective action and authorize notice to all non-exempt, hourly-paid employees who used the time clock to record

their work hours at Defendant's Birmingham, Alabama, facility and worked at least forty (40) hours in a work week for any week since March 16, 2003.[1] Plaintiffs also request that the Court order Glasforms to produce the names, addresses, social security numbers, and telephone numbers of all potential plaintiffs in a computer-readable data file or paper list. Glasforms counters that Plaintiffs' motion should be denied because they have not satisfied the elements required by 29 U.S.C. § 216(b). Plaintiffs' motion has been fully briefed and is ready for submission. Upon full consideration of the evidence and legal arguments made by the parties, Plaintiffs' motion will be granted.

II.   Procedural History.

Plaintiffs Jimmy Harris and Craig Anderson filed their complaint in this case on February 28, 2006, and alleged a collective action by "similarly-situated employees of Defendant who worked as lead men." (Doc. 1.) On August 4, 2006, Plaintiffs filed an unopposed motion to amend their complaint and add additional parties. (Doc. 12.) The motion was granted on August 7, 2006. The amended complaint adds plaintiffs who worked in

---

[1]While Plaintiffs' motion specifies "all current and former hourly wage employees," Plaintiffs have since narrowed this request through clarifications made in writing (Doc. 25) and in oral statements made at the hearing held before this Court on Thursday, October 12, 2006.

positions other than that of "lead man." (Doc. 27.) Plaintiffs filed their motion for conditional class certification and court-facilitated notice on August 30, 2006. (Doc. 17.)

III. Discussion.

Plaintiffs ask the Court to allow this case to proceed conditionally as a collective action and authorize notice to all non-exempt, hourly-paid employees who used the time clock to record their work hours at Defendant's Birmingham, Alabama, facility and worked at least forty (40) hours in a work week for any week since March 16, 2003. Before a district court may issue such an order, however, Plaintiffs must show to the court's satisfaction "that there are other employees of the department-employer who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). The decision whether to facilitate notice to potential plaintiffs remains within the sole discretion of the district court. *Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 169 (1989); *Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1219 (11th Cir. 2001).

The Eleventh Circuit Court of Appeals has suggested a two-tiered approach for dealing with class certification and notice pursuant to § 216(b). *Hipp*, 252 F.3d at 1219.[2] First, a district court would make a decision, "usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action should be given to potential class members." *Id.* at 1218 (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207 (5th Cir. 1995)). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* Then, "after discovery is largely complete . . . [and] the court has much more information on which to base its decision," the district court makes a "factual determination" whether the claimants are similarly situated. *Id.*

The parties in this case are still in the beginning stages of discovery, and Defendant has not convinced this Court that a "fairly lenient" standard should not be applied. Adopting the Eleventh Circuit's two-tiered approach,

---

[2]Although *Hipp* addresses a collective action brought under the Age Discrimination in Employment Act of 1967 ("ADEA"), the same analysis applies to collective actions under the FLSA. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

the Court finds that Plaintiffs have satisfied their burden under § 216(b). Since the inception of this cause, three individuals have filed consents to join this action. These consents were filed despite Plaintiffs' difficulty obtaining names and addresses to contact additional employees, and the only plaintiff that continued to work for Defendant after the complaint was filed has represented to the Court that he did not discuss the case with any co-employees for fear of retaliation. Moreover, Plaintiffs have made "substantial allegations of class-wide discrimination" through allegations and evidence of Defendant's procedures for recording its employees' time and calculating time worked from clock entries in Birmingham. *See, e.g., Grayson v. K Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1986). Such allegations, if founded, may well unify individuals in the proposed class and allow for "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *Hoffman-LaRoche Inc.*, 493 U.S. at 170.

V. Conclusion.

For the reasons stated above, this Court exercises its discretion to authorize and order notice to Plaintiffs' proposed opt-in class. Therefore,

Plaintiffs' motion for conditional class certification and court-approved notice will be granted. Because Plaintiffs have alleged that Defendant willfully violated the FLSA, the notice period for the conditional opt-in class will be three years. Should further discovery reveal that the opt-in plaintiffs are too disparate and/or their claims are of an individualized nature not suitable for class treatment, Defendant may raise these issues in a motion for decertification or a motion for summary judgment. A separate order in conformity with this opinion will be entered.

     Done this <u>18th</u> day of <u>October 2006</u>.

_____<br>
L. SCOTT COOGLER<br>
UNITED STATES DISTRICT JUDGE<br>
139297